1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

CORINNE M. GRANICH,                          )
                                             )          Case No. 2:10-cv-00912-PMP-PAL
                              Plaintiff,      )
                                             )
vs.                                          )          **ORDER**
                                             )
PLANET HOLYWOOD RESORT                       )          (IFP & Complaint - Dkt. #2)
AND CASINO, INC.                             )
                                             )
                                             )
                              Defendant.      )
_____)

        Plaintiff Corinne M. Granich is proceeding in this action *pro se*.  She has requested authority

pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* and submitted a Complaint on May 26,

2010. This proceeding was referred to this court by Local Rule IB 1-9.

**I.      *In Forma Pauperis* Application**

        Plaintiff has submitted the affidavit required by § 1915(a) showing that she is unable to prepay

fees and costs or give security for them.  Accordingly, her request to proceed *in forma pauperis* will be

granted pursuant to 28 U.S.C. § 1915(a).  The court will now review the Complaint.

**II.     Screening the Complaint**

        Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a

complaint pursuant to § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if

the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or

seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the

complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint

/ / /

1    that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106

2    (9th Cir. 1995).

3         Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for

4    failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a

5    ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir.

6    2000).  A properly pled complaint must provide a short and plain statement of the claim showing that

7    the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544,

8    555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels

9    and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 129

10   S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as

11   true all well-pled factual allegations contained in the complaint, but the same requirement does not

12   apply to legal conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action,

13   supported only by conclusory allegations, do not suffice.  *Id.* at 1949.  Secondly, where the claims in the

14   complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.

15   *Twombly,* 550 U.S. at 570.

16   **III.  Factual Background**

17        Plaintiff worked for Defendant Planet Hollywood Resort & Casino, Inc. ("Defendant") for

18   approximately four and one half years, ending with her termination in July, 2008.  Beginning in May,

19   2006, Plaintiff was diagnosed with Non-Hodgkins Lymphoma.  As a result, she intermittently

20   requested, and was granted, leave under the Family Medical Leave Act ("FMLA") to undergo

21   treatment.  Subsequently, Defendant's supervisory staff complained to Plaintiff and others about her

22   FMLA leave.

23        In March, 2008, Plaintiff complained to supervisory staff about what she perceived to be a

24   hostile work environment, but no action was taken.  In April, 2008, a supervisor informed Plaintiff that

25   "management wants to get rid of you because all the time you take off from FMLA."  Plaintiff reported

26   the comment to Defendant's Team Leader Human Resource Manager, who told her that such matters

27   should be kept confidential, and the matter would be investigated.  Shortly after, management

28   improperly disclosed the substance of her complaints to her supervisors and peers, resulting in alleged

1   discriminatory hostile treatment from them.  Plaintiff claims that Defendant's conduct exacerbated her
2   medical condition.
3        Plaintiff also states that her cancer treatment caused her to suffer vertigo and dizziness,
4   precluding her from standing for more than one hour at a time. Defendant assigned her to a job that
5   required standing for two hours at a time.  Plaintiff requested that her shift be split into two one-hour
6   shifts, which accommodation had been granted to other employees with medical conditions.  Plaintiff
7   made her request on Defendant's "Reasonable Accommodation Request" form.  Plaintiff was required
8   to update her FMLA certification and undergo additional medical examination, although the FMLA
9   leave had already been approved.  Plaintiff was ultimately denied the accommodation request, and she
10  alleges the denial constitutes discrimination under the ADA.  Plaintiff also alleges that she was
11  "continuously harassed" as a result of her request for reasonable accommodation under the ADA.
12  Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and Nevada
13  Department of Employment, Training and Rehabilitation ("DETR").
14       Plaintiff also alleges that Defendant made incomplete and false statements regarding her
15  personnel file, condition, and work record to the EEOC and DETR.  Plaintiff states that this
16  misrepresentation perpetuated a fraud.  Plaintiff suggests, however, that she was "awarded 'back-pay'
17  of unemployment wages due to inefficient [sic] evidence of Defendant proving wilful misconduct for
18  termination."  Plaintiff does not, however, allege any violations of constitutional rights; instead, she
19  alleges that Defendant's misrepresentations had a discriminatory effect on her.

20  **IV.  Discussion**

21       Plaintiff filed her Complaint on the court's civil rights complaint form pursuant to 42 U.S.C.
22  § 1983.   To state a claim under section 1983, a plaintiff must allege that a right secured by the
23  Constitution has been violated, and the deprivation was committed by a person acting under color of
24  state law. *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted).  States and state officers sued in their
25  official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not
26  be sued under the statute. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).  Section 1983
27  does allow suits against state officers in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 26
28  (1991). Plaintiff's Complaint alleges only that Defendant's conduct was discrimination under the

1   FMLA and ADA.  Here, Plaintiff has made no allegations against a government official or a person

2   acting under color of state law. Thus, Plaintiff has failed to state a claim under § 1983.

3       Plaintiff also attempts to state claims against Defendant pursuant to Title VII of the Civil Rights

4   Act of 1964.  Title VII allows persons to sue an employer for discrimination on the basis of race, color,

5   religion, gender or national origin. Although the Charge of Discrimination attached to Plaintiff's

6   Complaint alleges discrimination based upon the fact that Plaintiff is a New Zealander, her Complaint

7   does not allege any facts to support a claim of discrimination based upon race, color, religion, gender or

8   national origin.  Thus, Plaintiff has not stated a claim under Title VII.

9       The Complaint also asserts the following claims: (a) Defendant discriminated against Plaintiff in

10  violation of the FMLA and the Americans with Disabilities Act ("ADA"); (b) Defendant refused to

11  make reasonable accommodation for her disability as required by the ADA and created a hostile work

12  environment in violation of the ADA; (c) Defendant retaliated against Plaintiff for reporting the

13  discriminatory conduct, which resulted in her termination, in violation of the FMLA and ADA; and (d)

14  Defendant discriminated against her under 42 U.S.C. Chapter 21, Subchapter V, by making false

15  statements to the Equal Employment Opportunity Commission ("EEOC") and the Nevada Department

16  of Employment, Training and Rehabilitation ("DETR").

17      **A.** *Plaintiff's Claims Under the FMLA*.

18      The FMLA prohibits interference with an employee's right to take leave under 29 U.S.C.

19  §§ 2601-54.  Section 2615(a) prohibits conduct that interferes with an employee's exercise of her rights

20  under the FMLA or retaliation in the form of adverse employment action for requesting or taking

21  FMLA.  Section 2617 permits an employee to bring a civil action to enforce FMLA rights.  In order to

22  prove a violation of the FMLA, a plaintiff must show that the defendant either (a) interfered with the

23  exercise of her rights under the FMLA, or (b) retaliated against the plaintiff for "opposing any practice

24  made unlawful by [the] subchapter." 29 U.S.C. §§ 2615(a).   Regulations adopted by the Department

25  of Labor to enforce the FMLA interpret "interference" to include "not only refusing to authorize FMLA

26  leave, but discouraging an employee from using such leave." 29 C.F.R. § 825.220(b).  Furthermore,

27  "employers cannot use the taking of FMLA leave as a negative factor in employment actions" under 29

28  C.F.R. § 825.220(c).  *See also Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1133 (9th Cir. 2003).

4

1   Employers interfere with an employee's rights under FMLA by "discouraging an employee from using

2   such leave." *Id.* at 1134.  "[A]ttaching negative consequences to the exercise of protected rights surely

3   tends to chill an employee's willingness to exercise those rights: Employees are, understandably, less

4   likely to exercise their FMLA leave rights if they can expect to be fired or otherwise disciplined for

5   doing so." *Bachelder v. America West Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001) (internal

6   citations omitted).  Here, Plaintiff alleges that Defendant interfered with her right to use FMLA leave

7   by making negative comments concerning her use of leave and requiring her to undergo additional

8   medical examinations and update her FMLA certification.  Plaintiff also alleges that she was suspended

9   and eventually terminated as a result of taking FMLA leave.  Thus, Plaintiff has stated a claim for

10  interference with her FMLA rights.

11          **B.      *Plaintiff's Claims Under the ADA.***

12          The ADA prohibits discrimination against people with recognized disabilities under 42 U.S.C.

13  § 12102.  The ADA requires a plaintiff to exhaust both state and Equal Employment Opportunity

14  Commission ("EEOC") administrative procedures.  Once a plaintiff files charges with the EEOC, the

15  commission will investigate the charges, attempt to reach a settlement, and decide whether to sue the

16  employer or refer the decision to sue to the Attorney General if the charges are against a state or local

17  governmental entity.  If the EEOC or Attorney General decides not to sue, and if there is no settlement

18  that is satisfactory to plaintiff, the EEOC will issue plaintiff a right-to-sue letter.  *See* 42 U.S.C. §

19  2000e-5(f)(1).  After receipt of the right to sue letter, plaintiff may sue in federal or state court.  *Id*; *see*

20  *also Yellow Freight Sys., Inc. v. Donenelly*, 494 U.S. 820, 825-26, 110 S.Ct. 1566, 108 L.Ed.2d 834

21  (1990).  Here, Plaintiff has attached a right to sue letter from the EEOC.  Thus, it appears Plaintiff has

22  exhausted her administrative remedies.

23          Section 12112(b) provides that refusal to make reasonable accommodation for disability, absent

24  a showing of undue hardship by the employer, constitutes discrimination.  It also prohibits retaliation in

25  the form of adverse employment action resulting from requests for such accommodation.  Section

26  12112(d)(4) prohibits medical evaluations that are intended to prove disability.  Section 12117 provides

27  for enforcement through the EEOC or through a private civil action.  In order to prove a *prima facie*

28  claim under the ADA, a plaintiff must show that: (a) she is disabled within the meaning of the ADA;

5

(b) she is qualified to perform the essential functions of her position with or without a reasonable accommodation; and (c) she suffered an adverse employment action because of her disability. *See Allen v. Pacific Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003); *see also U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 396 (2002). Here, Plaintiff has alleged that she: (a) is disabled as defined by § 12102; (b) was qualified and able to perform the assigned functions with the requested accommodation; and (c) was subjected to additional harassment for making the request. Plaintiff also alleges that she was subjected to unreasonable medical evaluations as a result of her request for accommodation. Thus, Plaintiff has stated a claim for discrimination under the ADA.

Plaintiff also attempts to state a claim for a hostile work environment under the ADA. The ADA allows persons to sue an employer for discrimination on the basis of recognized disabilities under ADA, 42 U.S.C. §§ 12101-17. To state a *prima facie* case of a hostile work environment based on disability, a plaintiff must show that: (1) she is member of protected class, i.e., a "qualified individual with a disability," (2) she was subject to unwelcome harassment, (3) harassment occurred because of her disability, (4) harassment affected term, condition, or privilege of employment, and (5) employer knew or should have known of harassment, but took no action to prevent it. *See* 42 U.S.C. §§ 12101-17; *see also Pantazes v. Jackson*, 366 F. Supp. 2d 57 (D.D.C. 2005).

Here, Plaintiff alleges that: (a) her medical condition qualifies as a disability under § 12102; (b) she is qualified and able to perform the functions of her position with reasonable accommodation; and (c) she was discriminated against as a result of her request for reasonable accommodation. Plaintiff also alleges that: (1) she is a member of a protected class because of her qualifying disability; (2) she was subject to continuing harassment; (3) that the harassment occurred as a result of her disability; (4) that the harassment affected the conditions of her employment; and (5) employer had knowledge of the harassment. Thus Plaintiff has stated a claim for hostile work environment under the ADA.

**C. *Plaintiff's Claim of Discrimination under 42 U.S.C. Chapter 21, Subchapter V.***

42 U.S.C. Chapter 21, Subchapter V attempts to eliminate discrimination in federally assisted programs. Such programs include only those providing federal financial assistance to governmental agencies or organizations providing services to the public. *See* 42 U.S.C. § 2000d-1. Plaintiff alleges Mr. Christopher Pauli, who represented Defendant in EEOC proceeding, made false statements to the

  
EEOC and DETR.  Because these allegations do not involve any federally assisted programs contemplated by Subchapter V, Plaintiff fails to state a claim upon which relief may be granted.  Thus, Plaintiff's claim shall be dismissed with leave to amend.

If Plaintiff chooses to amend her Complaint, she is informed that the court cannot refer to a prior pleading (i.e., her original complaint) in order to make the amended complaint complete.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, if Plaintiff chooses to amend her complaint, she must also re-allege her FMLA claim, ADA discrimination claim, and ADA hostile work environment claim.

Based on the foregoing,

**IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.  Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint and shall issue Summons to Defendant, and deliver the same to the U.S. Marshal for service.  Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285.  Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served.  If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.  Pursuant to

7

Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered.

4.   From this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading motion or other document submitted for consideration by the court.  Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendant or counsel for Defendant.  The court may disregard any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk which fails to include a certificate of service.

5.   Plaintiff's claim under 42 U.S.C. Chapter 21, Subchapter V is **DISMISSED** with leave to amend.  Plaintiff will have thirty days from the date that this Order is entered to file her Amended Complaint, if she believes she can correct the noted deficiencies.  Failure to comply with this Order will result in the dismissal of this claim.

Dated this 23rd day of August, 2010.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

8